TOMPKINS v. ST. REGIS PAPER CO.

(District Court, N. D. New York. April 2, 1917.)

1. APPEAL AND ERROR ⬦1207(3)—REVIEW—ALLOWANCE OF COSTS.
   After affirmance of a decree on appeal, the trial court cannot take action on the allowance of costs by the appellate court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4698.]

2. COSTS ⬦256(1)—ALLOWANCES—RECORD.
   Where a record is made unnecessarily long and complex by a party, he may not recover the cost thereof, if successful.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 968.]

3. COSTS ⬦256(1)—ALLOWANCES.
   In a suit for the infringement of a patent, defendant, who was successful below and also on appeal, took 29 long depositions from 29 witnesses, and its record on appeal amounted to 450 pages. The original decree allowed costs to defendant, as did the decree on appeal. Held that, where complainant did not, before the printing of the record, apply to dispense with the printing thereof on account of his pecuniary embarrassments, he cannot, there being no contention that defendant vexatiously included unnecessary matters in the record, then secure a reduction of the taxable costs; defendant as a matter of right being allowed costs for such items.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 968.]

In Equity. Suit by John D. Tompkins against the St. Regis Paper Company. A decree for defendant was affirmed on appeal, and complainant petitions for reduction of the costs taxed by the clerk in favor of the defendant. Petition denied.

See, also, 226 Fed. 744; 236 Fed. 221, —— C. C. A. ——.

Edwin J. Prindle, of New York City, for complainant.
Fish, Richardson & Neave, of New York City, for defendant.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RAY, District Judge. From the decision of the District Court, dismissing the bill of complaint herein, with costs, an appeal was taken to the Circuit Court of Appeals, where the decision of this court was affirmed, with costs, and the costs of such appeal were duly taxed in that court. With that taxation and bill of costs this court has nothing to do, except to make the judgment of that court the judgment of the District Court, and that has been done. On the final hearing in this court prior to the appeal there was no suggestion that unnecessary testimony had been taken or unnecessary expense incurred, or that defendant was not entitled to full costs. The defendant has presented to the clerk for taxation a bill of costs and disbursements in this court, amounting to $1,329.54, from which the clerk struck out $370.17, leaving the taxed bill $959.37. He either largely reduced or struck out entirely many items or charges.

[1] The application to this court for a further reduction of this bill of costs is based on the following allegations: That the patent in suit describes a simple process of treating wood fibers and similar materials to make paper stock. The process consists merely in the employment of an upwardly directed current of the treating liquid in a container containing the material to be treated. The patent contains but a single short claim, setting forth in simple language the steps of the process. In presenting its defense the defendant took 29 lengthy depositions from 29 witnesses. Defendant's record amounts to 450 pages, and the witnesses' and attorney's and examiner's fees and charges for printing the record amount to a sum out of all proportion to the simple character of the invention. Many of such depositions relate to processes used by different companies, not involved in the suit, and the dates of use of same are subsequent to the date of the patent sued upon. The petition also calls attention to the alleged fact that, of the 14 patents set up in the answer of defendant, only one was relied upon by this court in deciding the case, and that in its opinion this court only referred to the deposition of Mr. Little. The limited means of the plaintiff, and the fact that defendant is one of the largest paper manufacturers in the United States, are also referred to and urged.

The charge in defendant's bill of costs for printing defendant's record was $311.60, and this the clerk reduced by striking out $94.08, leaving $217.52. The charge for reproducing defendant's exhibits, $116.69, was disallowed and struck out, as was the charge for a copy of the opinion in the court below. The charge for printing defendant's brief in the court below was allowed at $258.20. The clerk disallowed all witnesses' fees for attendance and travel not proved to have been actually paid. The bill of costs claimed and included charges for four copies of depositions, but the clerk allowed for one copy only.

[2, 3] In the Northern district it is the rule and practice, and for 25 years or more has been, to print the record and briefs and tax the cost thereof, unless such printing is dispensed with by the order or direction of the court. This is frequently done on application. In this case no such application was made, nor was there any suggestion to that effect. The defendant followed the rule and practice, and the record and

briefs were actually printed. The clerk of this court has had more than 30 years' experience in taxing costs in such cases, and he has struck out all items not allowable, or, when not struck out, the item has been reduced to the proper taxable amount.

In view of the alleged pecuniary situation of the plaintiff, this court regrets that application was not made to dispense with the printing referred to; but, the expense having been actually incurred by the defendant in obeying the rule and practice of this court, I do not see how it can now be disallowed, unless it be that this court may now, after appeal from its decision that the bill of complaint be dismissed, "with costs," and the affirmance of that decision by the Circuit Court of Appeals (236 Fed. 221, —— C. C. A. ——), change its decision in regard to costs, and give only partial costs, based on the alleged pecuniary embarrassment of the complainant, and not on any partial success of defendant in its contentions. It was not made to appear to the clerk, and has not been made to appear to the court, that witnesses were called or depositions taken or printed for the purpose of vexatiously or unnecessarily swelling or increasing costs. The fact that the court below and the Circuit Court of Appeals do not appear, from the references in the opinions handed down, to have considered *all* the depositions and all the testimony, does not establish that such depositions were immaterial, or not considered by such court. It is presumed, I think, that the court consults, examines, and considers the entire record; but it is under no duty, so far as I am advised, to refer to all depositions or the testimony of all witnesses in its opinion. In fact, a decision may be rendered, and often is, without opinion or specific findings. I cannot find evidence of any action on the part of the defendant which was intended to result in, or which did result in, either unreasonable or vexatious increase of costs.

The claim of the patent in suit reads as follows:

"The herein described art of treating fibrous and other kindred materials for their conversion into paper stock, which consists in effecting the suspension of such materials in a constantly rising current of the treating liquid, and while thus suspended subjecting the material to the heating, cleansing, or chemical action of the suspending liquid."

The specifications are lengthy and somewhat complex, and were necessarily considered. The whole prior art was necessarily presented on the question of the validity of the patent in view of such prior art, and on the question of the true interpretation of such patent in the presence of such prior art. What the courts decide on a given state of facts is generally simple enough after the decision is rendered, but what they will decide on the evidence presented is quite another question, as is the question what testimony will be considered and regarded relevant by them. When a record is made unnecessarily lengthy and prolix by a party, he may not recover the costs thereof, even if successful. If such fact is made to appear and the responsibility can be fixed, the party responsible must or should bear the burden. It is not the final result of the litigation, however, that determines what was material and what immaterial for presentation to the court, in order to protect the

rights of the parties and enable the court to arrive at a just conclusion. The case must be considered from the viewpoint of the parties at the time the testimony and depositions were taken. The record discloses no suggestion at the time that defendant was unnecessarily prolix or vexatious in procuring and offering unnecessary testimony.

As the court below, before the appeal, dismissed the bill and awarded costs to be taxed, and that decision was affirmed by the Circuit Court of Appeals, which awarded full costs in that court, and I fail to find that there is evidence that the defendant is chargeable with conduct intended or calculated to unnecessarily increase costs or disbursements, and the clerk has stricken out all improper or nontaxable items, the petition for a reduction of costs as taxed by the clerk is denied. So ordered.